UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| David S. Allen | : |
| Plaintiff, | : |
| v. | :Civil Action No. 8:15-cv-01839-WMN |
| Kavasko Corp., et al. | : |
| Defendants. | : |

### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, your Defendants, Kavasko Corp., KC Financial Services Corp., and Kerem Celem, by undersigned counsel, and answers Plaintiff's complaint as follows:

1. The complaint speaks for itself.

2. Defendants deny the allegations set forth in Paragraph 2 and demand strict proof thereof.

3. Defendants deny the allegations set forth in Paragraph 3 and demand strict proof thereof.

4. Defendants deny the allegations set forth in Paragraph 4 and demand strict proof thereof. Defendants continue to operate their legitimate business interests as any other business does as it attempts to realize a profit.

5. Defendants deny the amount in controversy is above the Seventy Five Thousand Dollar ($75,000.00) threshold required for this Honorable Court to maintain diversity jurisdiction pursuant 28 U.S.C. § 1332. Defendants deny that This Honorable Court has Federal Question jurisdiction over this matter pursuant to 28 U.S.C. 1331as the

requisite acts for a civil Racketeer Influenced &Corrupt Organization Act ("RICO") 18 U.S.C. §§ 1961-68. The Plaintiff is attempting to Venue shop in the Federal Court in order to attempt to shoe horn a RICO claim into what should be a simple breach of contract claim. Plaintiff is abusing the Federal Court route in an attempt to obtain treble damages so as to realize a guaranteed profit three times what he would be entitled to in a state breach of contract claim.

6. Defendant denies that venue is proper.

7. Defendants have no independent knowledge of Plaintiff's address.

8. Defendants admit Paragraph 8 of the Complaint.

9. Defendants admit Paragraph 9 of the Complaint.

10. Defendants admit Paragraph 10 of the Complaint.

11. Defendants admit Paragraph 11 of the Complaint.

12. Defendants admit Paragraph 12 of the Complaint.

13. Defendants admit Paragraph 13 of the Complaint.

14. Defendants admit Paragraph 14 of the Complaint.

15. Defendants admit Paragraph 15 of the Complaint.

16. Defendants admit Paragraph 16 of the Complaint.

17. Defendants admit Paragraph 17 of the Complaint.

18. Defendants admit Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 and demand strict proof thereof.

20. Defendants admit Paragraph 20 of the Complaint, but clarifies that it was not the intent of Defendants to stop making payments.

21.     Defendants are without sufficient knowledge to respond to the first allegation in paragraph 21 deny the second allegation set forth in Paragraph 21 in that Defendants agent stated that it was Defendant Kavasko's intent to make Plaintiff's loan current.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth.

23.     The letter speaks for itself.

24.     Defendants deny the allegations set forth in Paragraph 24 and demand strict proof thereof.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27.     Defendants deny the allegations set forth in Paragraph 27 and demand strict proof thereof.

28.     Defendants deny and admit the allegations previously set forth and incorporate said admissions and denials herein.

29.     Defendants deny the allegations set forth in Paragraph 29 and demand strict proof thereof.

30.     Defendants deny the allegations set forth in Paragraph 30 and demand strict proof thereof.

31. Defendants deny the allegations set forth in Paragraph 31 and demand strict proof thereof.

32. Defendants deny the allegations set forth in Paragraph 32 and demand strict proof thereof.

33. Defendants deny the allegations set forth in Paragraph 33 and demand strict proof thereof.

34. Defendants deny and admit the allegations previously set forth and incorporate said admissions and denials herein.

35. Plaintiff's allegation set forth in Paragraph 35 of the Complaint states a legal conclusion that cannot be admitted or denied by Defendants.

36. Plaintiff's allegation set forth in Paragraph 36 of the Complaint states a legal conclusion that cannot be admitted or denied by Defendants.

37. Plaintiff's allegation set forth in Paragraph 37 of the Complaint states a legal conclusion that cannot be admitted or denied by Defendants.

38. Defendants deny the allegations set forth in Paragraph 38 and demand strict proof thereof.

39. Defendants deny the allegations set forth in Paragraph 39 and demand strict proof thereof.

40. Defendants deny the allegations set forth in Paragraph 40 and demand strict proof thereof.

41. Defendants deny the allegations set forth in Paragraph 41 and demand strict proof thereof.

42. Defendants deny the allegations set forth in Paragraph 42 and demand strict proof thereof.

43. Defendants have no independent knowledge of Plaintiff's damages and deny that they committed any alleged "violations" as alleged in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 and demand strict proof thereof.

45. Defendants deny and admit the allegations previously set forth and incorporate said admissions and denials herein.

46. The agreement alleged in Paragraph 46 of the Complaint speaks for itself.

47. The agreement alleged in Paragraph 47 of the Complaint speaks for itself.

48. Defendants deny the allegations set forth in Paragraph 48 and demand strict proof thereof.

49. Defendants deny the allegations set forth in Paragraph 49 and demand strict proof thereof.

50. Defendants deny and admit the allegations previously set forth and incorporate said admissions and denials herein.

51. Defendants deny the allegations set forth in Paragraph 51 and demand strict proof thereof.

52. Defendants deny the allegations set forth in Paragraph 52 and demand strict proof thereof.

53. Defendants deny the allegations set forth in Paragraph 53 and demand strict proof thereof.

54. Defendants deny the allegations set forth in Paragraph 54 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Statute of Limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by payment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiff did not make proper demand on any of the entities.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by release.

TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

ELEVENTH AFFIMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

**WHEREFORE,** Defendants Kavasko Corp., KC Financial Services Corp., and Kerem Celem requests:

A. that the Complaint be dismissed with prejudice;

B. that judgment be entered in favor of Defendants for the cost of this lawsuit; and

C. that this Court grants such other and further relief as the nature of its cause may require.

Respectfully Submitted,

/s/George S. Robinson, IV
George S. Robinson, IV
Federal Bar No. 014011
4694 Millennium Drive
Ste. 540
Belcamp, MD 21017
P: 443-371-7248
E: grobinson@2rlaw.com