```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DAVID S. ALLEN                  *
                                *
v.                              *    Civil Action No. WMN-15-1839
                                *
KAVASKO CORPORATION et al.      *
                                *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## MEMORANDUM & ORDER

On September 2, 2015, counsel for Defendants Kerem Celem, Kavasko Corporation, and KC Financial Services Corporation[1] filed a motion to withdraw as counsel. ECF No. 13. In this motion, counsel indicated that there was a "lack of communication" which precluded him from adequately representing those Defendants and, furthermore, that Defendants have failed to meet their obligations to pay his fees.

As to Kerem Celem, the motion is subject to Local Rule 101.2(a), which provides:

> In the case of an individual, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel. If the withdrawal of counsel's appearance is

---

[1] In the Complaint and the Answer to the Complaint, this entity was referred to as "KC Financial Services Corporation." In the Motion to Withdraw, it is referenced as "KC Financial Group."

permitted, the Clerk shall notify the party that the party will be deemed to be proceeding without counsel unless and until new counsel enters an appearance on behalf of the party.

Because the remaining two Defendants are not individuals, Local Rule 101.2(b) governs the withdrawal of appearance as to them. Like Rule 101.2(a), this rule imposes notice and certification requirements on the withdrawing attorney, and furthermore provides:

> In the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it.

Counsel has attached to his motion a Certificate of Counsel that fully complies with the requirements of Local Rule 101.2(a) and (b). ECF No. 13-1. More than thirty days has now passed and new counsel has not entered an appearance. Thus, the Court will, for good cause shown, grant the Motion to Withdraw.

Also pending is Plaintiff's Motion for Summary Judgment which was filed on September 28, 2015, and which has not been opposed. ECF No. 14. As an individual, Kerem Celem can represent himself and shall be granted 14 days in which to oppose that motion. Defendants Kacasko Corporation and KC Financial Services Corporation shall be given that same 14 days

2

to show cause why default should not be entered as to the claims asserted against them.

Accordingly, IT IS this 26th day of October, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That the Motion to Withdraw as Counsel, ECF No. 13, is GRANTED, and the appearance of George S. Robinson, IV, is withdrawn as to all Defendants;

(2) That the Clerk of the Court shall notify Defendant Kelem Celem, by sending a copy of this Memorandum and Order to his last known address at 415 E. Pie Street, Apt. No. 1425, Orlando, FL 52801, that he is deemed to be representing himself and that he has 14 days in which to respond to the pending summary judgement motion;

(3) That Defendants Kavasko Corporation and KC Financial Services Corporation shall show cause within 14 days as to why default should not be entered against them;

(4) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record and to: Defendant Kavasko Corporation and KC Financial Services Corporation, at 8130 Boone Blvd., Suite 240, Vienna, VA 22182 and to Defendant Kerem Celem, at 6060 Tower Court # 1602,

Alexandria, VA 22304; and also at 415 E. Pie Street, Apt. No. 1425, Orlando, FL 52801.

```
                   _____/s/_____
                   William M. Nickerson
                   Senior United States District Judge
```