```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

DAVID S. ALLEN                *
                              *
v.                            *    Civil Action No. WMN-15-1839
                              *
KAVASKO CORPORATION et al.    *
                              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM & ORDER**

On September 2, 2015, counsel for Defendants Kerem Celem, Kavasko Corporation (Kavasko), and KC Financial Services Corporation (KC Financial)[1] filed a motion to withdraw as counsel. ECF No. 13. In that motion, counsel indicated that there was a lack of communication which precluded him from adequately representing those Defendants and, furthermore, that Defendants have failed to meet their obligations to pay his fees. More than seven days prior to filing that motion, counsel attempted to inform the Defendants of his intention to withdraw his appearance by mailing notice to Defendants' last known address. After no response was filed to the motion to withdraw, the Court granted the motion on October 26, 2015. ECF No. 15.

In the Order granting the motion, the Court instructed the individual Defendant, Kerem Celem, that he would now be deemed to be representing himself and that he had 14 days in which to

---

[1] In the Complaint and the Answer to the Complaint, this entity was referred to as "KC Financial Services Corporation." In the Motion to Withdraw, it is referenced as "KC Financial Group."

oppose a pending motion for partial summary judgment that had been filed by Plaintiff. The Court also instructed the corporate Defendants that they had 14 days to show cause why default should not be entered against them. The Memorandum and Order was mailed to all Defendants at their last known addresses but the mailing to each Defendant was returned as undeliverable.

In the Motion for Partial Summary Judgment, Plaintiff asks that the Court enter judgment in his favor as to Count III of his Complaint. In that count, Plaintiff asserts a claim for breach of an agreement between Plaintiff and Defendants Kavasko and KC Financial that was entered into on or about November 25, 2013. Under the terms of that agreement, Kavasko and KC Financial agreed to purchase a motor vehicle and assume the loan on that vehicle. ECF No. 14-3. After making eight initial installment payments on the loan, Defendants stopped making payments and, because Plaintiff was the obligator on the loan, the lender notified him of the default and demanded payment. After making repeated requests of Defendants to fulfill their obligations on the loan, Plaintiff ultimately satisfied the debt himself, paying the loan balance, including interest and penalties, in the sum of $89,185.13, and an insurance charge of $752. Plaintiff later received a refund check of $406.93 for overpaid interest. On the basis of those payments, minus the

refund, Plaintiff seeks a judgment of $89,530.20 on his breach of contract claim, plus pre-judgment interest.

For the reasons stated in Plaintiff's motion, the Court finds that Plaintiff is entitled to summary judgment as to Count III and will grant Plaintiff's motion. The Court will also enter default against Kavasko and KC Financial as to all of the remaining counts under Local Rule 101. The Court will enter default against Defendant Kerem Celem under Local Rule 102.1.b.iii for his failure to keep a current address on file with the Court. Finally, the Court requests that Plaintiff submit a status report within ten days proposing how the remaining claims in this action, now defaulted, might be converted to judgment.

Accordingly, IT IS this 18th day of November, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motion for Partial Summary Judgment, ECF No. 14, is GRANTED;

(2) That default is entered against Defendants Kavasko Corporation, KC Financial Services Corporation, and Kerem Celem as to all remaining claims against them;

(3) That Plaintiff shall submit a status report within ten days of this Order; and

(4) That the Clerk of the Court shall transmit a copy of this Order to Plaintiff's counsel.

```
_____/s/_____
```
William M. Nickerson
Senior United States District Judge