IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
DAVID S. ALLEN                  *
                                *
v.                              *    Civil Action No. WMN-15-1839
                                *
KAVASKO CORPORATION et al.      *
                                *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM**

In the Complaint filed against Defendants Kerem Celem, Kavasko Corporation (Kavasko), and KC Financial Services Corporation (KC Financial),[1] Plaintiff David S. Allen alleges that he entered into an agreement with Defendants whereby he would purchase a luxury vehicle from a local automobile dealer using his credit and then immediately sell the vehicle to Defendants so that they, in turn, could export the vehicle for resale in China.  In that agreement, Defendants promised to assume responsibility for the financing.  In return for acting as a "purchasing agent" for Defendants, Plaintiff was to receive a fee.[2]  The Complaint contains four counts: Fraud/Intentional Misrepresentation (Count I), Violation of RICO – 18 U.S.C. § 1962 (Count II), Breach of Contract – Kavasko and KC Financial

---

[1] In the Complaint and the Answer to the Complaint, this entity was referred to as "KC Financial Services Corporation."  In the Motion to Withdraw, it is referenced as "KC Financial Group."

[2] The Complaint states that Defendants induce individuals into acting as purchasing agents for a promised fee of $500 to $1500, ECF No. 1 ¶ 2, but does not indicate how much he received.

(Count III), and Alter Ego Liability – Kavasko Corporation (Count IV).

Defendants were initially represented by counsel and filed their Answer to the Complaint.  On September 2, 2015, however, Defendants' counsel filed a motion to withdraw, which the Court granted.  In the Order granting the motion, the Court instructed the individual Defendant, Kerem Celem, that he would now be deemed to be representing himself and that he had 14 days in which to oppose a pending motion for partial summary judgment that had been filed by Plaintiff.  The Court also instructed the corporate Defendants that they had 14 days to show cause why default should not be entered against them.  The Memorandum and Order was mailed to all Defendants at their last known addresses but the mailing to each Defendant was returned as undeliverable.

On November 18, 2015, the Court granted Plaintiff's unopposed Motion for Partial Summary Judgment, holding that Plaintiff was entitled to summary judgment as to Count III.  The Court also entered default against Defendants as to the remaining claims.  Plaintiff has now filed a motion for entry of default judgment as to Counts I and III.[3]  As explained in the Court's memorandum granting the motion for partial summary judgment, Plaintiff is entitled to the entry of judgment against

---

[3] Plaintiff agrees to dismissal of Counts II and IV, without prejudice.

2

Defendants Kavasko and KC Financial in the amount of $89,530.20 on his breach of contract claim, plus pre-judgment interest. See ECF No. 20 at 2-3.  As to Count I, the fraud and intentional misrepresentation claim, Plaintiff seeks that same amount as compensatory damages against Defendant Celem.  In addition, Plaintiff seeks punitive damages under Count I against all Defendants in an amount equal to two times the compensatory award, or $179,060.

Punitive damages are available under Maryland law in tort actions to punish a defendant "for egregiously bad conduct toward the plaintiff, [and] also to deter the defendant and others contemplating similar behavior." Bowden v. Caldor, Inc., 710 A.2d 267, 276 (1998) (internal quotation omitted).  An award of punitive damages is discretionary, Philip Morris, Inc. v. Angeletti, 752 A.2d 200, 246-47 (2000), and that discretion is guided by a number of factors, including: the minimum amount of damages that will deter the defendant and others from similar misconduct, the proportion of punitive damages to compensatory damages, and the financial circumstances of the defendant.  See HBCU Pro Football, LLC v. New Vision Sports Properties, LLC, No. WDQ-10-0467, 2011 WL 2038512 at *8, (D. Md. May 24, 2011). Under the Federal Rules, punitive damages are available in a default judgment, provided that they were sought in the plaintiff's complaint.  See, e.g., Murphy v. Islamic Rep. of

3

Iran, 740 F. Supp. 2d 51, 83 (D.D.C. 2010); see also, ECF No. 1 at 7 (praying for award of punitive damages under Count I).

As support for the prayer of punitive damages, Plaintiff represents that more than 70 other individuals were taken in by Defendants' scam and suggests that Defendants should be punished for their repeated fraudulent conduct.  The Court will award punitive damages, but only in an amount equal to the amount of compensatory damages.  It is not entirely clear from Plaintiff's submissions whether Defendants intended from the outset to stop payment on the assumed debts or whether some unexpected event changed the Defendants' financial situation.  Assuming that it was fraudulent from the outset, the Court is not entirely sympathetic to those caught up in this scheme.  It is not clear what the prospective "purchasing agents" were told as to why the true purchaser of the vehicles needed to be hidden, but they should have been aware that something was amiss.  The Court notes that, in the declaration of one of the other individuals take in by this scheme, she acknowledged that she provided "misinformation" to secure financing.  ECF No. 23-2 ¶ 5.

For these reasons, the Court will award: judgment in favor of Plaintiff and against Defendants Kavasko Corporation and KC Financial Services Corporation as to Count III in the principal sum of $89,530.20, plus pre-judgment interest in the sum of

$5,252.40;[4] judgment in favor of Plaintiff against Defendant Kerem Celem as to Count I for compensatory damages in the sum of $89,530.20, plus pre-judgment interest in the sum of $5,252.40; and judgment in favor of Plaintiff against all Defendants as to Count I for punitive damages in the sum of $89,530.

A separate order will issue.

```
                        _____/s/_____
                        William M. Nickerson
                        Senior United States District Judge
```

DATED:   December 15, 2015

---

[4] Based upon Maryland's statutory pre-judgment interest rate of 6% per annum on $88,778.20 (net paid to lender) from December 29, 2014 through December 15, 2015.  $14.59 x 360 = $5252.40.